[ECF No. 25]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **RASTELLI BROTHERS, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NATURA FOODS, L.L.C., et al.,**<br><br>**Defendants.** | Civil No. 24-230 (KMW)(EAP) |

## REPORT AND RECOMMENDATION

This matter comes before the Court by way of Plaintiff Rastelli Brothers, Inc.'s Motion for Attorneys' Fees, Costs, and Expenses, ECF No. 25. No opposition to Plaintiff's Motion has been filed.. *See* Docket Sheet. The Court has considered Plaintiff's submission and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1). For the following reasons, the Court respectfully recommends that Plaintiff's Motion be **GRANTED** and that Plaintiff be awarded attorneys' fees and costs in the amount of $43,346.65. The Court makes the following findings in support of this Recommendation.

## FACTUAL BACKGROUND

On January 12, 2024, Plaintiff Rastelli Brothers, Inc. ("Plaintiff") initiated this contract action against Defendant Natura Foods, L.L.C. *See* ECF No. 1 (Complaint). On February 21, 2024, Plaintiff amended its Complaint to add Gaucho Ranch Group, LLC and Pablo Liberatori as Defendants. *See* ECF No. 5 (Amended Complaint ("Am. Compl.")).

The following facts are taken from Plaintiff's Amended Complaint. In or around late spring through the summer of 2022, Plaintiff purchased from Defendant Natura Foods, L.L.C. goods that included, but were not limited to, nearly 40,000 pounds of beef fajita strips (the

"Goods"). ECF No. 25-1 ("Pl.'s Brief") at 4. Plaintiff intended to ship the Goods to its United States military customer, Kuwait & Gulf Link Transport Company/Global Food Services ("KGL"); however, the United States Department of Agriculture conducted an audit on the Goods and "deemed the Goods a product failure." *Id.* at 4-5. Consequently, the USDA rejected the Goods. *Id.* at 4-5. KGL then brought a claim against Plaintiff for damages resulting from the audit and the rejection of the Goods in the amount of $197,462.94 (the "KGL Claim"), which Defendant Natura Foods "acknowledged . . . was the result of its own failures by providing the Plaintiff with rejected Goods." *Id.*

On or about October 26, 2022, Plaintiff and Defendant Natura Foods entered into a repayment agreement in which Defendant acknowledged its obligation to pay Plaintiff for the KGL Claim ("Natura Obligation"). *Id.* at 5; *see* ECF No. 5-1, Ex. A ("Repayment Agreement"). In the Repayment Agreement, Plaintiff permitted Defendant Natura Foods to "incrementally make payments on the Natura Obligation through an acceptance of deductions from any future goods that may have been purchased by the Plaintiff from Natura." Pl.'s Brief at 5; Repayment Agreement ¶¶ 2.1, 2.5-2.9. The deductions were to continue until Defendant Natura Foods paid the Natura Obligation in full or until December 31, 2023, at which time the remaining balance would become immediately payable by Defendant Natura Foods to Plaintiff on December 31, 2023. Pl.'s Brief at 5-6; Repayment Agreement ¶¶ 2.1, 2.5-2.9. Defendant Natura Foods also agreed to "return the 40,000 pounds of rejected beef fajita strips to the Plaintiff on or before November 30, 2022." Pl.'s Brief at 6; Repayment Agreement ¶ 2.10. The parties had previously agreed that Defendant Natura Food's obligation to Plaintiff if the beef fajita strips were not returned amounted to $181,545.00 (the "Fajita Obligation"). Pl.'s Brief at 6; Repayment Agreement ¶ 2.10.

In addition, under Section 2.8 of the Repayment Agreement, both parties agreed to the following provision:

> Should Natura fail to remit the outstanding amount owed to [Rastelli] on or before December 31, 2023, [Rastelli] is entitled to obtain judgment against Natura for any outstanding amount from the Natura Obligation, as well as any reasonable attorneys' fees, costs, or expenses reasonably incurred by [Rastelli] to recover the remaining balance of the Natura Obligation.

Repayment Agreement ¶ 2.8.

After Plaintiff made two purchases subject to the Repayment Agreement, Defendant Natura Foods "unilaterally sent a letter to the Plaintiff claiming that it would no longer process any further purchase orders." Pl.'s Brief at 6; ECF No. 5-1, Ex. B (May 30, 2023 Letter). Defendant also failed to return the rejected beef fajita strips by November 30, 2022, the agreed upon date. Pl.'s Brief at 6.

Sometime in early 2022, Defendant Natura Foods assigned "its entire interest and the goodwill of its trademarks" to Defendant Gaucho Ranch Group. Pl.'s Brief at 7; Am. Compl. ¶ 41; ECF No. 5-1, Ex. D (Trademark Assignment). Defendant Liberatori was identified as a managing member of both Natura Foods and Gaucho Ranch Products. Pl.'s Brief at 7; Trademark Assignment. Accordingly, Plaintiff asserted that Defendant Gaucho Ranch Group was "liable for all the conduct of Natura as the predecessor company." Pl.'s Brief at 7.

On July 11, 2024, after Defendants failed to respond, the Clerk of the Court entered an Entry of Default against Defendants Natura Foods and Gaucho Ranch Group. ECF No. 21. On August 29, 2024, the Clerk of the Court entered Default Judgment against Defendants in the amount of $353,366.94. ECF No. 24 (Default Judgment). Plaintiff now seeks to recover its reasonable attorneys' fees and costs as provided under the terms of the Repayment Agreement. Defendants have not opposed Plaintiff's Motion.

**DISCUSSION**

Under the American Rule "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (cleaned up) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)); *see also Apple Corps., Ltd. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998) ("Attorneys' fees and expenses may be awarded to a prevailing party in a federal litigation where authorized by statute, court rule or contract." (citation omitted)). Here, the applicable contract—the Repayment Agreement—expressly provides for an award of reasonable attorneys' fees and costs. As Plaintiff is the prevailing party, the Court's task now is to recommend what reasonable attorneys' costs and fees should be awarded commensurate to the work performed by Plaintiff's counsel.

When calculating reasonable attorneys' fees and costs in a given matter, "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Kumon N. Am., Inc. v. Timban*, No. 13-4809, 2014 WL 2932653, at *10 (D.N.J. June 27, 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The product of this calculation is called the lodestar." *Apple Corps., Ltd.*, 25 F. Supp. 2d at 484 (citing *Hensley*, 461 U.S. at 434). "'A reasonable hourly rate is the market rate prevailing in the relevant legal community.'" *Machado v. Law Offices of Jeffrey H. Ward*, No. 14-7401, 2017 WL 2838458, at *2 (D.N.J. June 30, 2017) (quoting *Doe v. Terhune*, 120 F. Supp. 2d 773, 781 (D.N.J. 2000)). "To determine a reasonable hourly rate, the Court must 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Shelton v. Restaurant.com Inc.*, No. 10-824, 2016 WL 7394025, at

4

\*3 (D.N.J. Dec. 21, 2016) (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). While the typical starting point for determining the reasonable hourly rate is the prevailing party's counsel's "'usual billing rate[,] . . . this is not dispositive.'" *Rhodes v. Marix Servicing, LLC*, No. 12-1636, 2020 WL 5760455, at \*3 (D.N.J. Sept. 28, 2020) (quoting *Machado*, 2017 WL 2838458, at \*2). Once the Court identifies the reasonable hourly rate, the Court must then determine whether the hours worked at that rate were also reasonable. *Id.* "'The party seeking attorney[s'] fees has the burden to prove that its request for attorney[s'] fees is reasonable.'" *Rhodes*, 2020 WL 5760455, at \*3 (alteration in original) (quoting *Rode*, 892 F.2d at 1183). The moving party can meet this burden by "submit[ting] evidence supporting the hours worked and the rates claimed." *Apple Corps., Ltd.*, 25 F. Supp. 2d at 485 (alteration in original) (quoting *Rode*, 892 F.2d at 1183).[1]

Plaintiff now seeks to recover attorneys' fees and costs in connection with its counsel's representation for this matter in the amount of $43,346.65, consisting of $39,671.32 in attorneys and paralegal fees and $3,675.33 in costs and expenses incurred from the commencement of this action up until August 31, 2024. ECF No. 25-3 (Affidavit of David R. Dahan, Esq. ("Dahan Aff.")) ¶ 25. According to Plaintiff's evidence:

- David R. Dahan, Esquire, who is a Partner at the law firm of Hyland Levin Shapiro, expended 29.8 hours of work at an hourly billing rate of $550.00, for a total of $16,390.00 in fees. *See* Dahan Aff. ¶¶ 2, 21, 25 and Ex. B (Hyland Levin Shapiro Invoices) at 14-34.[2]

- Beau C. Wilson, Esquire, who is an Associate at the law firm of Hyland Levin Shapiro LLP, expended 66.90 hours of work, with 7 hours worked at an hourly billing rate of $360.00, and 59.90 hours worked at an hourly billing rate of $395.00, for a total of

---

[1] "Plaintiffs' counsel 'must produce satisfactory evidence—in addition to [their] own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Apple Corps., Ltd.*, 25 F. Supp. 2d at 485 (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

[2] The Court cites to the ECF filing system's page numbers printed in the top right corner for Exhibit B because the exhibit is not sequentially paginated.

5

- $26,180.50 in fees. *See* ECF No. 25-4 (Affidavit of Beau C. Wilson, Esq.) ¶¶ 1, 14; Dahan Aff., Ex. B at 14-34.

- Megan K. Balne, Esquire, who is a Partner at the law firm of Hyland Levin Shapiro LLP, expended 1.30 hours of work at an hourly billing rate of $525.00, for a total of $682.50 in fees. *See* ECF No. 25-5 (Affidavit of Megan Knowlton Balne, Esq.) ¶¶ 2, 13; Dahan Aff., Ex. B at 29-34.

- David P. Skand, who is Counsel at the law firm of Hyland Levin Shapiro LLP, expended 2.40 hours of work at an hourly billing rate of $465.00, for a total of $1,116.00 in fees. *See* ECF No. 25-6 (Affidavit of David P. Skand, Esq.) ¶¶ 1, 13; Dahan Aff., Ex. B at 34.

- Mary A. Rogers, who is Senior Paralegal at the law firm of Hyland Levin Shapiro LLP, expended 0.30 hours of work at an hourly billing rate of $315.00, and 2.40 hours of work at an hourly billing rate of $330.00, for a total of $886.50 in fees. *See* ECF No. 25-7 (Affidavit of Mary Alice Rogers) ¶¶ 1, 12; Dahan Aff., Ex. B at 14.

The lodestar calculation based on the hourly rate and hours worked is $45,255.50. Plaintiff's counsel provided courtesy discounts to Plaintiff in the amount of $5,581.18. *See* Dahan Aff. ¶ 25. After accounting for the courtesy discounts, Plaintiff's total attorneys' fees are $39,674.32. The Court calculated the lodestar amount based on Plaintiff's invoices and notes that Plaintiff's requested total for attorneys' fees of $39,671.32 is $3 short of the actual amount based on the invoices. *See* Dahan Aff. ¶ 25. The Court bases the total attorneys' fees, costs, and expenses on the corrected total. The hourly rates and the number of hours expended are reasonable. In addition, the Court notes that Plaintiff has properly documented reasonable costs and expenses since the commencement of this action up until August 31, 2024, in the amount of $3,675.33. *See* Dahan Aff. ¶ 25 and Ex. B at 35.

## **CONCLUSION**

For these reasons, it is this **13th** day of **December 2024,** respectfully recommended that Plaintiff's Motion, ECF No. 25, be **GRANTED** and Plaintiff be awarded attorneys' fees and costs in the total amount of $43,349.65. Pursuant to Federal Rule of Civil Procedure 72 and Local Rule

72.1(c)(2), the parties shall have **fourteen (14) days** from the date of this Order in which to file any objections with the Court.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.

[ECF No. 25]

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **RASTELLI BROTHERS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**NATURA FOODS, L.L.C., et al.,**<br><br>Defendants. | Civil No. 24-230 (KMW)(EAP) |

## PROPOSED ORDER

This matter having come before the Court on Plaintiff Rastelli Brothers Inc.'s Motion for Attorneys' Fees, Costs, and Expenses, ECF No. 25; and the Court noting that no opposition has been filed; and the Court having considered the Report and Recommendation submitted by the Honorable Elizabeth A. Pascal, U.S.M.J., pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they have fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2); and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous nor contrary to law; and for good case shown;

**IT IS** this ____ day of _____ 2024,

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff Rastelli Brothers, Inc.'s Motion for Attorneys' Fees, Costs, and Expenses is **GRANTED**; and it is further

**ORDERED** that Defendants shall pay Plaintiff attorneys' fees, costs, and expenses in the total amount of **$43,349.65**.

_____
KAREN M. WILLIAMS
United States District Judge